*DICKS & AL. vs. CHEW & AL.*

Eastern Dis.
January 1828

The certificate of the notary who protested the note, is admissible in evidence, altho' it does not establish every fact necessary to establish the plaintiff's claim.

APPEAL from the court of the third district.

PORTER J. delivered the opinion of the court. This is an action against the maker and endorsers of a promissory note. To establish the liability of the latter, the plaintiffs offered on the trial the certificate of the notary who had protested the note for non-payment. It was written at the foot of the protest, which is of date the 21st of February, and is in the following words, "on the 22nd day of February, 1825, I the said notary gave advice to the drawers and endorsers by notice in writing, and print of even date with said protest, viz: E. R. Chew, drawer, and C. G. Johnson, Josias' Gray, and Dicks, Booker & Co: those for E. R. Chew, the drawer, and C. G. Johnson, the endorser, I put into the post office, addressed to them respectively, the drawer at La Fourche interior, and C.G. Johnson at St. Francisville, Louisiana, and those for Josias Gray and Dicks Booker & Co. I delivered to them; of all which I make this record in presence of John Stringer and John Peterkin, signed G. R. Stringer, Notary Public; John Peterkin, I. Stringer.

The admission of this paper in evidence was objected to, on the ground that the said declaration was not made in conformity to the 1st section of the statute of 1821 upon that subject. Of that opinion was the court, and they rejected the evidence. The plaintiff excepted.

A great number of objections have been taken to the certificate, among others that it does not state what post office the notice was put in. Nor shew that the letter notifying the endorser was directed to the post office nearest his residence. It may be possible, these objections are entitled to considerable weight, but they go to the effect of the evidence, and have nothing to do with the legality of admitting it. The certificate if made in the form prescribed by law should have been permitted to go to the jury; what it proved was for their consideration.

We have examined the certificate here offered and on comparing it with the provisions of the statute which introduced this species of proof we can discover no objection to its form. It gives the names of the drawers and endorsers—the date of the notices—the manner in which they were sent—and it appears to have been duly recorded. This in our opinion made it admissable in evidence, tho' like other proof

it might not perhaps have established every thing necessary to enable the party introducing it to recover. But whether it did or not was a question which could only be gone into after the evidence was before the jury.

Being therefore of opinion, the court below erred in rejecting the evidence, the cause must be remanded, and this renders it unnecessary to examine the objection taken to the judges charge to the jury.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled avoided and reversed, and it is further ordered, adjudged and decreed, that this cause be remanded for a new trial, with directions to the judge not to reject the certificate annexed to the protest of the promissory note, and it is further ordered that the appellees pay the costs of the appeal.

*Pierce* for the plaintiff, *Watts & Lobdell* for the defendants.